```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA

                      AT CHARLESTON
```

**JERMICHAEL DESPER,**

    Petitioner

v.                                       CIVIL ACTION NO. 2:10-1069
                                            (Criminal No. 2:01-00112-01)

**UNITED STATES OF AMERICA[1],**

    Respondent

## MEMORANDUM OPINION AND ORDER

Pending is a "PETITION FOR WRIT OF HABEAS CORPUS TO ELIMINATE SECOND SENTENCE FOR SAME CRIME" filed September 2, 2010. In his petition, which appears to be brought pursuant to 28 U.S.C. § 2241, the petitioner attacks the validity of the five-year term of supervised release imposed as part of his sentence.

---

[1] The respondent originally named was "D. HARMON, ACTING WARDEN." This is an apparent reference to D.J. Harmon, the acting warden at FCI Beckley on or about the date that the petition was filed. A new warden, Joel Ziegler, has now been appointed. It appears in any event, however, that the proper respondent is the United States of America. The Clerk is thus directed to amend the style as reflected herein.

This action was previously referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to the court of her Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636.

On April 17, 2001, the United States filed a two-count indictment naming petitioner. Count One alleged his possession with intent to distribute an unstated quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1). Count Two alleged that he carried a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

On June 19, 2001, a jury convicted petitioner on both counts. On September 5, 2001, he was sentenced, *inter* *alia*, to a total term of imprisonment of 157 months, consisting of 97 months as to Count One, later reduced to 78 months on March 11, 2008, and a consecutive 60-month term as to Count Two. On September 19, 2001, petitioner noticed a direct appeal. On April 12, 2002, the court of appeals affirmed the Judgment.

On April 7, 2003, petitioner sought relief pursuant to section 2255. On March 1, 2006, the court entered its Judgment denying his section 2255 motion. On May 2, 2006, the court further denied petitioner's request for a certificate of appealability. He did not thereafter pursue any appellate

remedy.  As noted, the instant petition, pursuant to 28 U.S.C. § 2241, was filed September 2, 2010.

The magistrate judge recommends in her PF&R that the section 2241 petition be recharacterized as an unauthorized successive motion seeking relief under section 2255.  In his objections, petitioner asserts that the magistrate judge erred in recharacterizing his petition as a section 2255 motion.  Irrespective of the proper characterization of petitioner's filing, it is substantively meritless.[2]

As noted by the magistrate judge, petitioner essentially asserts that the supervised release statute, 18 U.S.C. § 3582, is unconstitutional.  In his objections, petitioner clarifies that his contention rests on double jeopardy grounds.  In Johnson v. United States, 529 U.S. 694, 700 (2000), however, the Supreme Court practically laid to rest any double jeopardy concerns relating to section 3582.  Id. at 701 ("We . . . attribute postrevocation penalties to the original conviction.").

---

[2]The court does not treat the March 11, 2008, order reducing petitioner's sentence pursuant to 18 U.S.C. § 3582(c)(2) as the entry of a new judgment that might warrant a departure from the rule barring successive section 2255 motions.  The order merely reduced by two points petitioner's total offense level in accordance with an amendment to the United States Sentencing Guidelines.

3

Based upon a *de novo* review, and having found the objections meritless, the court adopts and incorporates herein the magistrate judge's proposed findings and recommendation. Petitioner's section 2241 filing is properly recharacterized as a successive section 2255 motion but, if not, it is substantively meritless. The court, accordingly, ORDERS that this action be, and it hereby is, dismissed.

The Clerk is directed to forward copies of this written opinion and order to the petitioner, all counsel of record, and the United States Magistrate Judge.

DATED: December 6, 2010

John T. Copenhaver, Jr.
United States District Judge